OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition, dated April 12, 2012, containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The Grievance Committee moves for an order confirming the report of the Special Referee and imposing such discipline upon the respondent as this Court deems just and proper. The respondent joins, in part, in the Grievance Committee’s motion to confirm the report of the Special Referee, but seeks a declaration that payments he made to a nonlawyer were not intended to compensate her for referring a legal matter.
Charge one alleges that the respondent compensated a nonlawyer for recommending a client, and rewarded that nonlawyer for having made such a recommendation, resulting in employment of the respondent by a client in violation of former Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 7.3 (b). In or about September 2004, James Schriefer was involved in a motor vehicle accident. In or about 2005, Virginia Mello discussed Mr. Schriefer’s matter with the respondent. At or about that time, the respondent advised Ms. Mello that, if she referred Mr. Schriefer to him, the respondent would refer the matter to an experienced personal injury law firm, that the respondent would receive a share of any recovery obtained by Mr. Schriefer, and that the respondent would compensate Ms. Mello for the referral by paying her 10% of his share of the recovery. Ms. Mello referred Mr. Schriefer to the respondent in connection with his motor vehicle accident. The respondent met with Mr. Schriefer, and thereafter referred him to the law firm of Sullivan Papain Block McGrath & Cannavo (hereinafter the Sullivan Firm). In or about March 2005, Mr. Schriefer retained the Sullivan Firm. At or about that time, the *150 Sullivan Firm commenced a personal injury action on behalf of Mr. Schriefer and his wife, Karen Schriefer, in the Supreme Court, Saratoga County, entitled Schriefer v D.A. Collins, Inc. In or about 2008, the personal injury action was settled for the sum of $4,100,000. The Sullivan Firm issued two checks to the respondent, dated July 18, 2008, in the sums of $450,730.36 and $544.32, respectively, totaling $451,274.68. The funds received by the respondent from the Sullivan Firm represented the respondent’s share of the total attorney’s fee in connection with the personal injury action. Subsequent to receiving his share of the attorney’s fee, the respondent made cash payments to Ms. Mello in the sums of $11,500 in 2008, $8,500 in 2008, $8,650 in 2009, and $3,000 in 2009, as compensation for referring Mr. Schriefer to him.
Charge two alleges that the respondent shared a legal fee with a nonlawyer, in violation of former Code of Professional Responsibility DR 3-102 (a) (22 NYCRR 1200.17 [a]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 5.4 (a), based upon the specifications of charge one.
In view of the respondent’s admissions and the evidence adduced, we find that the payments the respondent made to Virginia Mello were intended to compensate her for referring the Schriefer matter to him, and that both charges were properly sustained by the Special Referee. We therefore grant the Grievance Committee’s motion to confirm the report of the Special Referee, and deny the respondent’s request for a declaration that the payments he made to Ms. Mello were not intended to compensate her for referring a legal matter.
In determining an appropriate measure of discipline to impose, we find that the respondent has produced impressive evidence of his good moral character, as well as his generous charitable contributions. Moreover, he has expressed remorse for his conduct. However, the respondent has a prior disciplinary history consisting of a letter of admonition, personally delivered, for negligently converting client funds, commingling personal funds with client funds, and communicating with a party known to be represented by counsel (March 2005); a letter of caution for failing to enter into a written retainer agreement with a matrimonial client and failing to provide the client with a statement of client’s rights and responsibilities (February 2006); a letter of caution for improperly seeking to limit his individual liability to a client for malpractice (February 2006); a letter of admonition for, inter alia, neglecting a client’s legal *151 matter, improperly notarizing documents, and submitting a falsely notarized document to a court of law (February 2010); and a letter of admonition for improperly issuing a subpoena duces tecum in a criminal action (September 2011).
Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.
Mastro, J.E, Skelos, Dillon, Angiolillo and Leventhal, JJ., concur.
Ordered that the petitioner’s motion to confirm the report of the Special Referee is granted; and it is further,
Ordered that the respondent, Henry Lung, is publicly censured for his professional misconduct.